UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PAMELA STALEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:24-cv-67 |
| **OHIO SECURITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT OHIO SECURITY INSURANCE COMPANY'S**
<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 81.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, Ohio Security Insurance Company ("OSIC") files this Notice of Removal and respectfully shows:

**I.**
<u>**REMOVAL JURISDICTION**</u>

1. Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s), to the district court of the United States for the district and division embracing the place where such action is pending."

2. This action, entitled *Pamela Staley v. Ohio Security Insurance Company,* pending in the 271st Judicial District Court of Wise County, Texas, Cause No. CV23-12-905, was commenced against OSIC via the filing of Plaintiff's Original Petition (the "Petition") on December 13, 2023. *See* **Exhibit A**, Index of Documents Filed in State Court, with the attached Petition.

3.     OSIC was served on December 22, 2023. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.     Plaintiff Pamela Staley ("Plaintiff") is an individual domiciled in Wise County, Texas, and is a citizen of Texas.

5.     OSIC is a corporation organized under the laws of New Hampshire with its principal place of business located in Boston, Massachusetts. A corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Therefore, for diversity purposes, OSIC is a citizen of both New Hampshire and Massachusetts. Thus, complete diversity exists.

## II.
## AMOUNT IN CONTROVERSY

6.     This is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff has pled that she seeks monetary relief of "over $250,000 but no more than $1,000,000.00." *See* **Ex. A-2**, p. 2. Plaintiff additionally asserts in her pre-suit demand letter that she seeks $164,715.41 in actual damages, exclusive of any alleged attorneys fees or exemplary damages. *See* Plaintiff's September 26, 2023 Correspondence as **Exhibit B**, p. 5.  Plaintiff also seeks treble actual damages pursuant to Tex. Ins. Code § 541.152. *See* **Ex. A-2**, p. 13.  Treble damages and attorneys' fees are included within the amount in controversy when a plaintiff is permitted to recover those damages and fees under applicable law. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *7 (M.D.N.C. July 9, 2019); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

7.  Although OSIC disputes liability and damages, it is evident from the pleading that Plaintiff alleges claims for monetary relief that, if granted, would exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.
### ATTACHMENTS

8.  In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice:

- An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (*see* Exhibit A);
- A completed cover sheet;
- A supplemental cover sheet;
- A copy of the docket sheet in the state court action;
- Each document filed in the state court action filed as a separate attachment; and
- A separately signed certificate of interested persons.

### IV.
### NOTICE TO STATE COURT

9.  In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the District Court of Wise County, Texas.

10. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

### V.
### PRAYER

WHEREFORE, OSIC respectfully requests that this action now pending in the 271st District Court of Wise County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division. OSIC further requests that this Court grant it any such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/Grant P. Martin*
**Kieran W. Leary**
Texas State Bar No. 24108517
kieranl@tbmmlaw.com
**Grant P. Martin**
Texas State Bar No. 24102145
grantm@tbmmlaw.com
**TOLLEFSON BRADLEY MITCHELL
& MELENDI, LLP**
2811 McKinney Avenue, Suite 250
Dallas, TX 75204
(214) 665-0100 – Telephone
(214) 665-0199 – Facsimile

**ATTORNEYS FOR DEFENDANT
OHIO SECURITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was electronically filed and duly served upon all parties entitled to receive notice via the Court's CM/ECF Court Filing System this 19th day of January, 2024.

*/s/Kieran W. Leary*
Kieran W. Leary